IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PAUL EVANS, #K9280                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO.  2:10-cv-269-KS-MTP

DAVID PETRIE, et al.                                                                                DEFENDANTS

MEMORANDUM OPINION

Plaintiff Evans, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Delta Correctional Facility, filed this Complaint pursuant to 42 U.S.C. § 1983.  The named defendants are David Petrie, Debra Platt, Ronald King and Christopher Epps.  Upon liberal review of the Complaint and Response [8], the Court has reached the following conclusions.

Plaintiff states that he received a rule violation report (RVR) when he was housed at the South Mississippi Correctional Institution.  Plaintiff claims that as a result of the RVR, he lost all privileges for 30 days, he was transferred to a maximum security facility where he was placed in segregation, and ultimately his custody status was "downgrade[d]."  Resp. [8], p.2.  Plaintiff complains that his prison grievance regarding the RVR was not processed in a timely manner in violation of MDOC policy and procedure.  As relief, Plaintiff is requesting expungement of the RVR and "full reimbursement of all court costs and fees."  Compl. [1], p.4.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief."  The Court has permitted the Plaintiff to proceed *in forma pauperis*[1] in this action;  thus his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983 the Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), c*ert. denied*, 510 U.S. 820 (1993).  Initially, the Court notes that an inmate does not have a constitutional right to receive a certain custodial classification while incarcerated.  *Meacham v. Fano*, 427 U.S. 215 (1976);  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995).  Nor does an inmate have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another.  *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996)(inmate does not have a constitutionally protected interest in a specific facility or work assignment).

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause.  To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The United States Court of Appeals for the Fifth Circuit, applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a

---

[1] Plaintiff was granted permission to proceed *in forma pauperis* on February 3, 2011.

constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)).  The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner.  *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest);  *King v. Sims*, No. 2:07cv136-MTP, 2009 WL 2497154, at * 5 (Aug. 14, 2009) (reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *see also Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, *1 (5th Cir. 2000)(inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the due process clause).  Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention."  *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).  In sum, the Plaintiff does not have a constitutionally protected right to a certain classification level while in prison.

To the extent the Plaintiff may be asserting that MDOC policy and procedure was violated by the RVR, resulting punishment, and lack of a timely response to his grievances, this allegation, without more, simply does not rise to a level of constitutional deprivation.  *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(inmate does not have a federally protected liberty interest in having prison grievances

resolved to his satisfaction).

## CONCLUSION

As explained above, the Plaintiff's placement in a custody level or prison facility different from what he would choose for himself, does not amount to a constitutional deprivation. Therefore, this case is dismissed as frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice. *See Pichardo,* 73 F.3d at 613 (affirming frivolous dismissal of § 1983 suit arising out of classification level and placement in administrative segregation); *see also Farr v. Rodriguez*, 255 Fed. App'x 925 (5th Cir. 2007); *Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, *1 (5th Cir. 2000).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 1st day of March, 2011.

                                              *s/Keith Starrett*
                                              UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."